UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGEL CHRISTOPHER MARTIN,                    Case No. 16-CR-60239 (BLOOM)
Defendant

Vs.

UNITED STATES OF AMERICA
Plaintiff
_____/

## MOTION TO VACATE PURSUANT TO
## TITLE 28 U.S.C. SECTION 2255

Comes Now the Defendant, Nigel Christopher Paul Martin, by and through the

undersigned Attorney, and moves the Court to Vacate his convictions and

sentences in the above-styled case.  As grounds thereof the defendant states the

following:

## STATEMENT OF THE CASE

Defendant was charged by Superseding Indictment with Count I, Conspiracy to

Commit Device Fraud, Count II, Access Device Fraud and Count IX Aggravated

Identify Theft under Title 18, US.C. Sections 1029(a)(2)(b)(2) and 1028(A)(a)(1).

In this case, there were also three other Co-defendants, to wit, (1) David

Christopher Isaacs, Jr., (2) British Alexander Mitchell, a/k/a "Brisco", and (3)

Sonchez Earl Grant.

2.     On January 6, 2017, Mr. Martin entered a plea agreement whereby he agreed to plead guilty to Counts 2 and 9 of the Superseding Indictment.  In exchange for Mr. Martin's guilty pleas, the United States Government agreed to seek dismissal of Count 1 of the Indictment with Mr. Martin being sentenced on the Counts for which he pleaded guilty.

3.     On March 9, 2017, Defendant Martin was sentenced concurrently to 12 months prison on each Count, followed by two years of supervised release on Count 9.   A specific condition of the Guilty Pleas was the requirement that the defendant surrendered to Immigration and Customs Enforcement (ICE) for removal proceedings once the incarceration portion of the sentence was completed. At the time that the defendant was sentenced, restitution was outstanding and a Hearing on the Restitution amount was set for another date.

4.     Defendant has not filed any other petitions, applications, or motions in this case.   There are no appeals now pending in any Court related to the Judgment, Conviction or Sentences in this case.  Further, the defendant does not have any future sentences to serve at the conclusion of the sentences imposed in this case. Defendant Martin was represented by Attorney Joseph W. Gibson, Jr., at all pretrial stages, during entry of the plea and at sentencing.

5.     Pursuant to Title 28 U.S.C. Section 2255, Defendant's Conviction and sentences must be vacated because Attorney Gibson provided ineffective

Page 2

assistance of counsel.  See <u>Jae Lee v. United States</u>, 582 U.S. _____(2017).

Attorney Gibson failed to advise the Defendant that he faced mandatory

deportation in entering a guilty plea to an Aggravated Felony.  Attorney Gibson's

deficient performance deprived the defendant of a trial by causing him to accept a

plea.  Under Immigration Law, a non-citizen who pleads to an Aggravated Felony

faces mandatory deportation.  See 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii),

<u>Calcano-Martinez v. INS</u>, 533 U.S. 348, 350 (2001).

6.     When a defendant claims that his counsel's deficient performance deprived

him of a trial by causing him to accept a plea, the defendant can show prejudice by

demonstrating a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial.  See <u>Hill . Lockhart</u>,

474 U.S. 52, 59, (1985).

7.     Under Section 2255, this Motion is timely filed within one year of the date on

which the Judgment of conviction became final. Defendant Martin's sentencing

was completed on May 19, 2017, when a restitution hearing was held.  Therefore,

his convictions became final on June 3, 2017, and thus this Motion is timely filed.

<u>STATEMENT OF THE FACTS</u>

8.     Defendant Martin is a 26-year old citizen of Jamaica.  He entered the United

States on a work permit and student visa.  In the United States, the defendant

obtained two associates degrees from local colleges in Broward and Dade County.

Page 3

After completing school, the defendant legally worked under the Optical Practical

Training Program and obtained a social security number.  The defendant is

engaged to be married to a United States citizen and expects the marriage to

materialize in the upcoming weeks.    The Defendant and his family retained the

Services of Attorney Gibson to represent the defendant.

9.    After the defendant was arrested, the defendant had numerous conversations

with Attorney Gibson.  The defendant questioned Attorney Gibson about the

potential immigration consequences if he pleaded guilty to any of the Three Counts

brought against him in the superseding indictment.  Attorney Gibson informed the

defendant that as long as the dollar amount of any losses to the victims identified in

any of the Counts charged were cumulatively less than $10,000.00, he would not

be subjected to Mandatory Deportation.  Additionally, Attorney Gibson reviewed

the superseding Indictment with the defendant and showed and advised the

defendant that there was nothing in the Superseding Indictment that alleged losses

attributed to Martin totaling $10,000.00 or more to any victim.

10.  Further, Attorney Gibson further assured the defendant that because of his lack

of criminal history points, his timely acceptance of responsibility, expression of

remorse and his cooperation with the Government, that he would be sentenced to

less than one year in Jail.   The defendant acted and relied on the advice of

Attorney Gibson and pleaded guilty.  Defendant would not have pleaded guilty had

he known that he was pleading guilty to an Aggravated Felony in Count II.

11.    Attorney Gibson further corroborated what he told the defendant by the

objections he made to the PSI Report.  (See Attachment)  Specifically, Attorney

Gibson objected to the dollar amount that was attributed to the defendant in

paragraphs 26 and 34 of the PSI Report.  As to paragraph 26, Attorney Gibson

objected that the dollar amount the defendant was responsible for was $1,000.00

and not $210,676.69.    As to paragraph 34, Attorney Gibson objected that the

dollar amount the defendant was responsible for was $1,000.00 and not

$210,676.69.    Prior to the defendant's plea of Guilty, Attorney Gibson assured

the defendant that the dollar amount that he would be held responsible for was for

his personal conduct which was far less than $10,000.00.  Attorney Gibson did not

explain to the defendant the concept of joint and several liability, in that the

defendant could be held responsible for loss that was incurred by a co-defendant.

12.    The written plea agreement in this case states in paragraph sixteen that

Defendant Martin recognized that entering this plea "may have consequences with

respect to his immigration status".  Prior to the defendant signing this plea

agreement, attorney Gibson assured the defendant that he was not charge with nor

was pleading guilty to an Aggravated Felony for which deportation was

Mandatory. See 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), <u>Calcano-Martinez v. INS</u>, 533 U.S. 348, 350 (2001).

13.     At the January 6, 2017, Court Hearing, the Court addressed Defendant Martin, asking him numerous questions concerning bot the terms of the written plea agreement as well as Defendant's understanding of the legal rights he was giving up as a result of guilty plea.  The Court advised the defendant that his guilty plea "may" subject him to deportation.  An Expert in Criminal and Immigration Law, Attorney Linda Osberg-Braun has opined that this "May" immigration warning by the Federal Judge on page 9 and ten of the transcript of the defendant's Guilty Plea, does not cure the defendant's right to accurately understand the immigration consequences.   The defendant was not questioned as to what his attorney told him about the immigration consequences of his guilty plea.  The Assistant United States Attorney described the amount of the victim's losses due to defendant Martin's activities in this case as totaling $1318.24.  (See Page 17 of Transcript of defendant's plea where he was mistakenly referred to as co-conspirator Mason.)   On Page 20 of Transcript, the prosecutor acknowledged the mistake by stating "I note the Factual Proffer, on page 4, says Mason instead of Martin.   After this revelation by the Assistant United States Attorney, Attorney Gibson assured the defendant that because the loss attributed him was less than $10,000.00, he was not an Aggravated Felon and would not face mandatory

deportation.  This Honorable Court accepted the defendant's guilty plea and reset the defendant's sentencing to a later date.

14.    At the subsequent restitution Hearing and after the defendant's convictions were finalized, attorney Gibson stipulated to joint and several liability for restitution totaling $153,419.13 between defendants Martin and Isaacs.   Attorney Gibson did not consult with the defendant about the amount he stipulated to that totaled $153,419.13.  Sadly, Attorney Gibson had no authority from the defendant to stipulate to this amount and did not inform the defendant that by stipulating to the amount of $153,419.13, it would cause the defendant's conviction to rise to the level of an Aggravated Felony which subjected the defendant to mandatory deportation.

15.    Linda Osberg-Braun, Esq., has stated that the definition of an Aggravated Felony hinges on the amount of loss.  According to Attorney Osberg-Braun, under 8 U.S.C. §1101(a)(43)(M) an Aggravated Felony is defined as an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.00.  According to Osberg-Braun, who has had over twenty-nine years of experience in Immigration and Criminal Law, the defendant Martin was Denied due process of law when the Court reserved the determination of the value amount of restitution after the defendant's convictions were finalized.  (See Attorney Osberg-Braun's letter).  At his guilty Plea Hearing, the defendant had no way of

knowing that the restitution would have been over $150,000.00, especially in light of what was told to the defendant by his attorney and what was recited in Court by the prosecutor.

## MEMORANDUM OF LAW

16.     The Sixth Amendment of the United States Constitution guarantees a defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding, including when he enters a guilty plea, Lafler vs. Cooper, 566 U.S. 156, 165 (2012).  To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation fell below (1) an objective standard of reasonableness and that (2) he was prejudiced as a result. Strickland vs. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Under Strickland, a successful ineffective assistance of counsel claim requires a showing that counsel performed deficiently by acts or omissions that fall below prevailing professional norms.  In the context of a plea disposition, prejudice is established by the criminal defendant's loss of his right to trial; that is, but for counsel's errors, the defendant would have proceeded to trial instead of entering his guilty plea.  Hill, v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366. 88 L.Ed. 2d 203 (1985), See Jae Lee vs. United States, 582 U.S. ____(2017)

17.    In the instant case, Attorney Gibson gave the defendant ineffective
assistance of counsel.  Attorney Gibson assured the defendant that because of his
cooperation with the Government, his remorse and the value of the loss attributed
to the defendant, the defendant would be sentenced to less than a year in jail. The
defendant is not a citizen of the United States and was residing in the United States
on a student visa and/or work permit.  As a result any guilty plea to an aggravated
felony would subject the defendant to mandatory deportation.  In this case, Title 8
U.S.C., section 1101(a)(43)(M)(i) defines an Aggravated Felony in the context of
offenses involving fraud or deceit as one in which the loss to the victim exceeds
$10,000.00.  At the defendant's guilty plea hearing, the United States Attorney
indicated that the defendant's action resulted in a loss of $1,318.24.  Sadly, at the
later sentencing hearing, Attorney Gibson stipulated to the amount of restitution as
to Defendant Martin and Co-defendant Isaacs as $154,419.13 and as joint and
several liability.   Attorney Gibson did not inform the defendant that he would be
also responsible for whatever loss was attributable to Co-defendant Isaacs.  This
larger amount resulted in Count 2 of the superseding Indictment becoming an
Aggravated Felony.   Attorney Gibson's performance was grossly deficient by
failing to inform the defendant that he could be convicted of fraud or deceit
involving the amount of $154,419.13; an obviously greater amount than
$10,000.00.

18.   In <u>Padilla vs. Kentucky</u>, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed 284 (2010), the United States Supreme Court held that Counsel acts deficiently by failing to properly advise a non-citizen criminal defendant about the immigration consequences of a plea of guilty or no contest where the result is liability for deportation and that the result is clear from the relevant immigration statutes.

19.   The situation in this case is similar to <u>Jae Lee Vs. United States</u>. Jae Lee was indicted on one count of Possession of Ecstasy With Intent to Deliver.  Jae Lee retained an attorney and entered into plea discussions with the Government. <u>Id</u>. Jae Lee's Attorney advised Lee that going to trial was "very risky" and that, if he pleaded guilty, he would receive a lighter sentence than he would if he were to be convicted at trial.  <u>Id</u>. Lee informed his attorney of his noncitizen status and repeatedly asked him whether he would face deportation as a result of the criminal proceedings.  The Attorney told Lee that he would not be deported if he pleaded guilty. <u>Id</u>.  Based on that assurance, Lee accepted the plea and the District Court sentenced him to a year and a day in prison. Lee soon learned that he had pleaded guilty to what qualifies as an aggravated felony under the immigration and nationality, and a noncitizen convicted of such an offense is subject to mandatory deportation. <u>Id</u>.  <u>See</u> 8 U.S.C. §§1101(a)(43)(B), 1227(a)(2)(A)(iii)<u>; Calcano-Martinez v. INS</u>, 533 U.S. 348, 350 (2001).  Upon learning that he would be deported, Lee filed a Motion under 28 U.S.C. §2255 to vacate his conviction.

Lee's attorney had provided Lee with bad advice.  Lee's plea was eventually set aside because Lee had received ineffective assistance of counsel. See Jae Lee vs. USA.

20.    In the instant case, Defendant Martin was provided with ineffective assistance of counsel as Attorney Gibson failed to inform the defendant that he was pleading to an Aggravated Felony which would place him in the category of mandatory deportation.  Attorney Gibson provided the defendant with deficient performance as he failed to properly informed the defendant about the immigration consequences of plea when the restitution amount was over $10,000.00.  Even more surprising is that at the time of the defendant's guilty plea, the Government indicated that the defendant was responsible for the loss to the victims of only $1,318.24.  Attorney Gibson had no permission from the defendant to stipulate to a restitution amount that was greater than $10,000.00 and which placed the defendant in the mandatory deportation zone. This conduct by attorney Gibson was clearly a deficient performance of counsel within the meaning of Strickland and the objective standard of reasonableness as promulgated in Strickland.  See also Hill v. Lockhart.   See also Hernandez vs. United States, (holding that attorney performed deficient performance where attorney informed non-citizen criminal defendant to plead guilty to aggravated felony, mandating deportation)

21.    The second prong of <u>Strickland</u> is whether the defendant was prejudiced. The Supreme Court held in <u>Hill v. Lockhart</u> that when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a " reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  In the <u>Jae Lee</u> case, Lee contended that had he been correctly advised, he would have taken his case to trial, despite the relatively strong case against him, in order to avoid the risk of deportation.  The Supreme Court in <u>Lee</u> noted that for a criminal defendant with significant grounds to remain in the United States, the choice to go to trial even with long odds of acquittal can be rational, finding that since deportation is a particularly severe penalty...preserving a client's rights to remain in the United States may be more important to him than any prison sentence. <u>Id</u>.  The Court concluded that even where the evidence was strong against the non-citizen criminal defendant, it was not irrational for the defendant to proceed to trial to try to avoid deportation. <u>Lee</u> at 1968.

22.    Similarly, in <u>United States vs. Swaby</u>, 855 F.3d 233 (4th Cir 2017), the defendant, a citizen of Jamaica, was a lawful permanent resident of the United States and was married with three children. <u>Swaby </u>was indicted for trafficking in counterfeit goods, an offense which at that time constituted an aggravated felony if

the victim's losses exceeded $10,000.00. After being incorrectly advised that his plea as charged would not result in automatic deportation, Swaby moved under Section 28 U.S.C., section 2255 to set aside his conviction and sentences based on ineffective assistance of counsel. Citing Padilla, the Court found deficient performance by Swaby's counsel. Insofar as prejudice is concerned, the Swaby Court concluded that the non-citizen defendant could have rationally decided to go to trial if advised correctly, specifically to contest the dollar amount of loss attributed to him, so as to render the charge a non-aggravated felony, thereby avoiding deportation. See 855 F.3d at 243-244.

23.    Likewise as in Swaby, Martin reasonably believed that the dollar amount attributed to him was $1,318.24. Martin reliance was based on what he was told by his Attorney and by what was recited in Court by the United States Attorney at the Guilty Plea Hearing. Attorney Gibson stipulated to an amount without informing his client. If Martin had known that when he pleaded guilty, the dollar amount attributed to him would be over $150,000.00 and not less than $10,000.00, Martin would have rationally decided to take his case to trial and to contest the dollar amount of loss that was attributed to him. See also United States v. Akinsade, 686 F.3d 248, 255-256 (4th Cir. 2012) (finding it rational to go to trial to contest amount of loss resulting in criminal charge being classified as aggravated felony for mandatory deportation purposes and holding that loss of right to trial

due to misadvice of immigration consequences as being prejudicial to defendant under <u>Strickland</u> analysis).

24.     In the defendant Martin's case, Martin has established durable ties to the United States due to his previous employment and educational status. Furthermore, he is engaged to be married to a United States citizen. Defendant Martin's primary goal in resolving this criminal case was to do so in a manner to avoid risks of deportation.  Therefore, had the defendant Martin been correctly advised that Attorney Gibson's concession as to the amount of restitution that would render Count II of the Indictment an Aggravated Felony, the defendant Martin would not have entered guilty pleas to either Counts 2 or 9.  Instead, Martin would have taken his case to trial to litigate the question of the dollar amount of victim losses properly attributed to him, in order to have a chance to avoid deportation as the end result of this prosecution

25.     It is not irrational for a defendant in Martin's position to reject the plea offer in favor of trial.  But for the incompetence of Attorney Gibson, Martin would have known that accepting the plea would have certainly lead to mandatory deportation. Accordingly, based on <u>Padilla</u>, <u>Lee</u>, <u>Swaby</u>, <u>Akinsade</u> and <u>Hernandez,</u> Defendant Martin is entitled to have his convictions and sentences in this case vacated due to the deficient and ineffective performance of his Attorney pursuant to <u>Strickland v. Washington</u> and <u>Hill vs. Lockhart.</u>

<u>CONCLUSION</u>

WHEREFORE the defendant respectfully request that the Court Grants this

Motion or, at a minimum, set the matter for an evidentiary hearing.  <u>Hernandez v.</u>

<u>United States</u>, 778 F.3d 1230 (11th Cir. 2015) (evidentiary hearing required to

resolve section 2255 Motion if facts as alleged, if true, would entitle the defendant

to relief, unless these facts are patently frivolous, based upon unsupported

generalizations, or are affirmatively contradicted by the record.

I, Nigel Christopher Martin, the defendant in this case, under penalties of perjury, swear under oath that all of the foregoing allegations in the Motion To Vacate Plea are true and correct

_N. Martin_

NIGEL CHRISTOPHER MARTIN

STATE OF GEORGIA

CITY OF FOLKSTON

BEFORE ME, the undersigned authority, duly authorized in the State and City aforesaid to take acknowledgements, personally appeared the defendant, NIGEL CHRISTOPHER MARTIN, who produced _BOP # 13847-104_ as identification, after first being duly sworn upon oath, deposes and says that he is the defendant in the foregoing Motion To Vacate Plea and that he has read the allegations in the Motion has personal knowledge of the facts and matters contained therein set forth and alleged that each and al facts and matters are true and correct.

WITNESS my hand and seal in the City and State aforesaid, this _11th_ day of January 2018.

_Melanee D Conner_

NOTARY PUBLIC

_[signature]_

Gawane Grant, Fla. Bar No. 55093
Attorney for Defendant
2331 North State Rd. 7, Suite 212
Lauderhill, FL 33313
Tel: (954) 739-5600
Fax: (954) 739-5663
reggaelawyer@hotmail.com

[Notary seal: Melanee D Conner, Notary Public, Charlton County, Georgia, My Commission Expires July 12, 2021]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:16-CR-60239

UNITED STATES OF AMERICA

v.

NIGEL CHRISTOPHER PAUL MARTIN

## DEFENDANT'S ANSWER/OBJECTIONS TO
## PRESENTENCE INVESTIGATION REPORT

Defendant, NIGEL CHRISTOPHER MARTIN, by and through undersigned counsel, and

pursuant to the Federal Rules of Criminal Procedure files his Answer/Objections to Presentence

Investigation Report and states the following:

1. As to Paragraph 26. Objections to the amount. Defendant is responsible for  $1,000.00
   not $210,676.69.
2. .      As to Paragraph 34. Objects to the amount Defendant is responsible for $1,000.00
   not $210,676.69.
3. As to Paragraph 70. Defendant has a social security number,
4. As to Paragraph 71. Defendant has a bank account.

Respectfully submitted this  3rd day of  March 2017..

*Respectfully submitted,*

/s/ Joseph W. Gibson

Joseph W. Gibson, Esq.
FBN: 344494
JOSEPH W. GIBSON, P.A.
19 West Flagler Street
Suite 417
Miami, Florida 33130
Phone: (305) 377-2525
Fax:     (305) 377-2528
Email:  Joseph_Gibson@bellsouth.net

## OSBERG-BRAUN IMMIGRATION

*Immigration Law*

*Florida Certified in Immigration & Nationality Law*

January 9, 2018

Gawane C. Grant
Attorney at Law
2331 N. State Road 7, Suite 212
Lauderhill, Florida 33313

**RE:   Nigel Christopher Pau Martin**

Dear Mr.Grant:

I practice exclusively immigration law and have twenty-nine (29) years of experience in the immigration and criminal arena working for the government (INS, now DHS-ICE), the Federal Public Defenders office and in private practice.  I am board certified by the Florida Bar as an expert in Immigration and Nationality law.   I am a regular speaker and writer on topics relating to the immigration consequences of criminal activity.

I am writing to provide information regarding Nigel Martin's immigration status, proof that he is currently under imminent threat of deportation pursuant to INA § 240, and my opinion that he did not understand the immigration consequences of his plea.

Mr. Martin was born in Jamaica on May 29, 1990. He entered the United States on a student visa in 2008 and successfully completed two degree courses. He attended Miami Dade, Broward College as well as the School of Audio Engineering and never violated his status for over eight years of lawful status in the United States. Before he was arrested, he filed to extend his status so he could tend to his obligations.  Prior to this case, he had no convictions or arrests other than traffic infractions.  Moreover, he met the love of his life, Tanice McCleary in 2012 and is now engaged to her.  She stands by him and wants to get married as soon as possible.  Ms. McCleary is a United States citizen with a degree in Pharmacy Studies and an impeccable academic and personal record. They have plans to build their life together.

It is my professional opinion that Mr. Martin did not understand the immigration ramifications of his plea because the amount of loss was a critical component to his future in the United States.  The definition of an aggravated felony hinges on the amount of loss.  Specifically, 8 U.S.C. §1101(a)(43)(M) defines an aggravated felony to be an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." The range of loss from $1000 to over $200,000 and reserving the matter for a

hearing after the conviction has been finalized, defies due process in entering a knowing and voluntary plea understanding the immigration ramifications. The warning on the record by the federal judge (plea transcript of January 6, 2017 hearing at page 9 and 10) that the plea may subject him to deportation, does not cure his right to accurately understand the immigration consequences.

While immigration law has been likened to the tax code in complexity, the consequences in this case mean permanent banishment from the United States, a consequence Mr. Martin was entitled to understand before deciding whether he should go to trial. Like in the recent Supreme Court case *Jae Lee v. United States*, __ U.S.__, 2017 WL 2694701 (2017), if Mr. Martin would have accurately understood the immigration ramifications of his plea, he would have taken the risk and gone to trial. His actions and life plans of getting married and building his life in the United States, support this opinion.

I will be available at your convenience to discuss Mr. Martin's dire immigration situation and imminent risk of deportation. Please do not hesitate to contact me if you have any questions.

Sincerely,

Linda Osberg-Braun, Esq.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                              Page 1 of 6

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| **NIGEL CHRISTOPHER PAU MARTIN** | Case Number: **16-CR-60239-4** |
| | USM Number: **13847-104** |

Counsel For Defendant: **Karen Stewart**
Counsel For The United States: **Joseph Gibson, Jr.**
Court Reporter: Yvette Hernandez/Glenda Powers

**Date of Original Judgment**: 3/10/2017
**(or Date of Last Amended Judgment)**

**AMENDMENT REASON(S):** Modification of Restitution Order (18 U.S.C. §3664)

**The defendant pleaded guilty to count(s) Two (2) and Nine (9).**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18:USC 1029 | Access Device Fraud | 08/01/2016 | 2 |
| 18 USC 1028 | Aggravated identity theft | 08/01/2016 | 9 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**All remaining counts are dismissed on the motion of the government.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **6/30/2017**

**Beth Bloom**
**United States District Judge**

Date:  7/1/2017

Case 0:16-cr-60239-BB   Document 161   Entered on FLSD Docket 07/06/2017   Page 2 of 6

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                          Page 2 of 6

DEFENDANT: **NIGEL CHRISTOPHER PAU MARTIN**
CASE NUMBER: **16-CR-60239-4**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **12 months as to counts 2 and 9 to be served concurrently**.

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____


Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.




_____
UNITED STATES MARSHAL


_____
DEPUTY UNITED STATES MARSHAL

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                     Page 3 of 6

DEFENDANT: **NIGEL CHRISTOPHER PAU MARTIN**
CASE NUMBER: **16-CR-60239-4**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years. This term consists of 2 years as to count 2 and 1 year as to count 9 all to run concurrently**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                    Page 4 of 6

DEFENDANT: **NIGEL CHRISTOPHER PAU MARTIN**
CASE NUMBER: **16-CR-60239-4**

## SPECIAL CONDITIONS OF SUPERVISION

Financial Disclosure Requirement - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

No New Debt Restriction - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

Permissible Search - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

Surrendering to Immigration for Removal After Imprisonment - At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

Unpaid Restitution, Fines, or Special Assessments - If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                Page 5 of 6

DEFENDANT: **NIGEL CHRISTOPHER PAU MARTIN**
CASE NUMBER: **16-CR-60239-4**

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|-----------|------|-------------|
| TOTALS  | $200.00   | $0.00 | $153,419.13 |

**The defendant must make restitution (including community restitution) to the attached list of payees in the amount listed below.**

**If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.**

| NAME OF PAYEE | TOTAL LOSS* | RESTITUTION ORDERED |
|---------------|-------------|---------------------|
| Capitol One   | $58,301.13  | $58,301.13          |
| Home Depot    | $95,118.00  | $95,118.00          |

**Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of $153,419.13. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                    Page 6 of 6

DEFENDANT: **NIGEL CHRISTOPHER PAU MARTIN**
CASE NUMBER: **16-CR-60239-4**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $200.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 NORTH MIAMI AVENUE, ROOM 08N09
MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

**Joint and Several**

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|
| 16-CR-60239 David Christopher Issacs, Jr., British Alexander Mitchell and Sohnchez Earl Grant | $153,419.13 | $153,419.13 |

**The Government shall file a preliminary order of forfeiture within 3 days.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.