UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGEL CHRISTOPHER MARTIN,  Case No. 18-CV-60138-BLOOM
Petitioner

Vs.

UNITED STATES OF AMERICA
Respondent
_____/

### PETITIONER'S REPLY TO THE GOVERNMENT'S MOTION OPPOSING THE PETITIONER'S MOTION TO VACATE PURSUANT TO TITLE 28 U.S.C. SECTION 2255

Comes Now the Petitioner, Nigel Christopher Paul Martin, by and through the undersigned Attorney, and files this Reply in Response to the Government's Motion opposing the Petitioner's Motion To Vacate in the above-styled case. As grounds thereof the Petitioner states the following:

### ARGUMENT

1. Petitioner/Defendant was charged by Superseding Indictment with Count I, Conspiracy to Commit Device Fraud, Count II, Access Device Fraud and Count IX Aggravated Identify Theft under Title 18, US.C. Sections 1029(a)(2)(b)(2) and 1028(A)(a)(1). In this case, there were also three other Co-defendants, to wit, (1) David Christopher Isaacs, Jr., (2) British Alexander Mitchell, a/k/a "Brisco", and (3) Sonchez Earl Grant.

2. Petitioner filed his Motion To Vacate on January 19, 2018.

Page 1

3. Respondent/Government filed its Response on March 28, 2018. In its response, the Government argues that the Court should Deny Martin's Motion because Martin's claims are clearly disproved by the facts of record in this case. Contrary to the arguments posited by the Government, the record in this case conclusively supports Martin's arguments. At the Petitioner's plea hearing, the Government prosecutor described that the amount of the victims' losses attributed to Martin was in the amount of $1,318.24. (See Page 17 of Transcript of defendant's plea where he was mistakenly referred to as co-conspirator Mason). This was later corrected when the Government prosecutor stated at the plea hearing that " I note the factual proffer, on page 4 states Mason instead of Martin". (See Page 20 of Plea Transcript).

4. Attorney Gibson's response to the PSI report further corroborates the Petitioner's argument that his Attorney lead him to believe that the loss attributed to him was less than $1,000.00; an amount that was even less than what was articulated in Court by the Government prosecutor. (See Attachment to Initial Motion To Vacate) Specifically, Attorney Gibson objected to the dollar amount that was attributed to the defendant in paragraphs 26 and 34 of the PSI Report. As to paragraph 26, Attorney Gibson objected that the dollar amount the defendant was responsible for was $1,000.00 and not $210,676.69. As to paragraph 34, Attorney Gibson objected that the dollar amount the defendant was responsible for

was $1,000.00 and not $210,676.69. Attorney Gibson's objection to the amount overwhelmingly supports the Petitioner's contention that his Attorney told him that the amount that he is responsible for was less than $10,000.00. Under Section 2255, unless the Motion and the files and records conclusively show that the prisoner is entitled to no relief, the Court shall Grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. *Lynn vs. United States*, 365 F.3d 1225, 1232 (11th Cir 2004)

5. The written plea agreement in this case states in paragraph sixteen that Defendant Martin recognized that entering this plea "may have consequences with respect to his immigration status". Prior to the defendant signing this plea agreement, attorney Gibson assured the defendant that he was not charged with nor was he pleading guilty to an Aggravated Felony for which deportation was Mandatory. See 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), *Calcano-Martinez v. INS*, 533 U.S. 348, 350 (2001).

6. The Government also argues that at his plea hearing, Martin acknowledged that he wanted to plead guilty even if it would result in automatic removal. At the January 6, 2017, Court Hearing, the Court addressed Defendant Martin, asking him numerous questions concerning both the terms of the written plea agreement as well as Defendant's understanding of the legal rights he was giving up as a result of guilty plea. The Court advised the defendant that his guilty plea "may" subject

him to deportation. An Expert in Criminal and Immigration Law, Attorney Linda Osberg-Braun has opined that this "May" immigration warning by the Federal Judge on page 9 and ten of the transcript of the defendant's Guilty Plea, does not cure the defendant's right to accurately understand the immigration consequences. Neither does this allow the Government nor the defendant's attorney to stipulate to an amount that was not made known to the defendant. Martin relied on the representations of his attorney and the Assistant United States Attorney who described the amount of the victim's losses due to defendant Martin's activities in this case as totaling $1318.24. (See Page 17 of Transcript of defendant's plea where he was mistakenly referred to as co-conspirator Mason). Martin was cognizant of the mandatory deportation rule but he strongly believed that it would not apply to him based on the amount of victims' loss that was attributable to him.

7. In the instant case, Defendant Martin was provided with ineffective assistance of counsel as Attorney Gibson failed to inform the defendant that he was pleading to an Aggravated Felony which would place him in the category of mandatory deportation. Attorney Gibson provided the defendant with deficient performance as he failed to properly informed the defendant about the immigration consequences of plea when the restitution amount was over $10,000.00. Even more surprising is that at the time of the defendant's guilty plea, the Government indicated that the defendant was responsible for the loss to the victims of only

$1,318.24. Attorney Gibson had no permission from the defendant to stipulate to a restitution amount that was greater than $10,000.00 and which placed the defendant in the mandatory deportation zone. This conduct by attorney Gibson was clearly a deficient performance of counsel within the meaning of *Strickland* and the objective standard of reasonableness as promulgated in *Strickland*. *Strickland vs. Washington, 466 U.S. 668, 104 S.Ct., 2052, (1984)* See also *Hill v. Lockhart, 474 U.S. 52, 59, (1985)*. See also *Hernandez vs. United States*, (holding that attorney performed deficient performance where attorney informed non-citizen criminal defendant to plead guilty to aggravated felony, mandating deportation)

8. At the subsequent restitution Hearing and after the defendant's convictions were finalized, attorney Gibson stipulated to joint and several liability for restitution totaling $153,419.13 between defendants Martin and Isaacs. Attorney Gibson did not consult with the defendant about the amount he stipulated to that totaled $153,419.13. Sadly, Attorney Gibson had no authority from the defendant to stipulate to this amount and did not inform the defendant that by stipulating to the amount of $153,419.13, it would cause the defendant's conviction to rise to the level of an Aggravated Felony which subjected the defendant to mandatory deportation.

9. Linda Osberg-Braun, Esq., has stated that the definition of an Aggravated Felony hinges on the amount of loss. According to Attorney Osberg-Braun, under

8 U.S.C. §1101(a)(43)(M) an Aggravated Felony is defined as an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.00. According to Osberg-Braun, who has had over twenty-nine years of experience in Immigration and Criminal Law, the defendant Martin was Denied due process of law when the Court reserved the determination of the value amount of restitution after the defendant's convictions were finalized. (See Attorney Osberg-Braun's letter in initial Motion To Vacate). At his guilty Plea Hearing, the defendant had no way of knowing that the restitution would have been over $150,000.00, especially in light of what was told to the defendant by his attorney and what was recited in Court by the prosecutor.

10. Attorney Gibson's conduct was so unreasonable that no competent attorney would have stipulated to an amount that would cause his client to become an Aggravated Felon. Regardless of whether or not this subjected Martin to mandatory deportation, Gibson's conduct caused his client to be responsible for a restitution amount of over $150,000.00. This is clearly a violation of Martin's constitutional rights as contemplated in Lynn vs. United States, 365 F.3d 1225 (11th Cir. 2004)

11. It is not irrational for a defendant in Martin's position to reject the plea offer in favor of trial. But for the incompetence of Attorney Gibson, Martin would have known that accepting the plea would have certainly lead to mandatory deportation.

Accordingly, based on *Padilla, Lee, Swaby, Akinsade* and *Hernandez,* Defendant Martin is entitled to have his convictions and sentences in this case vacated due to the deficient and ineffective performance of his Attorney pursuant to *Strickland v. Washington* and *Hill vs. Lockhart.*

12. The Government further claims that Mr. Martin informed the Court that he was not promised or assured of anything that would have persuaded him to enter a plea. Attorney Gibson promised Mr. Martin that he would be sentenced to less than a Year in jail because of the amount of loss that was attributable to him. Mr. Martin did not consider it necessary to report what his defense counsel told him because he expected to be guided by his lawyer in the decision to plea and obtain the most favorable terms.

13. The Government also claims that at any hearing in this matter, Martin's prior attorney would deny Martin's claims. Unfortunately for the Government, email correspondence between the Government and Martin's prior attorney would refute that argument. On the day before Martin's plea, AUSA Karen Stewart emailed Attorney Gibson and indicated that the offer for Martin was to "plead to his own conduct". (See Attachment) Unquestionably, that meant pleading to the amount of victims' loss that was attributed to Martin which was below the $10,000.00 threshold. After receiving this correspondence from the AUSA, Attorney Gibson relayed the same information to Martin that the prosecutor would allow Martin to

plead to his own conduct. As the Government stated in its Response, §§ 2255requires a movant to provide factual support for his contentions regarding counsel's performance. *Smith v. White, 815 F.2d 1401, (11th Cir. 1987)*. This email correspondence between AUSA Karen Stewart and Attorney Gibson is strong factual support that corroborates Martin's contentions.

## CONCLUSION

WHEREFORE the defendant respectfully request that the Court Grants this Motion or, at a minimum, set the matter for an evidentiary hearing. *Hernandez v. United States, 778 F.3d 1230 (11th Cir. 2015)* (evidentiary hearing required to resolve section 2255 Motion if facts as alleged, if true, would entitle the defendant to relief, unless these facts are patently frivolous, based upon unsupported generalizations, or are affirmatively contradicted by the record. It would be a fundamental miscarriage of Justice to Deny Martin's Motion. Martin would not have entered the Plea if he knew the dollar amount would exceed $10,000.00. Martin graduated from College with two Associates Degrees. He is now married to a United States citizen who has filed an immigration relative petition for Mr. Martin to live as a permanent resident in the USA.

s/_Gawane Grant_____
Gawane Grant, Fla. Bar No. 55093
Attorney for Petitioner
2331 North State Rd. 7, Suite 212
Lauderhill, FL 33313
Tel: (954) 739-5600
Fax: (954) 739-5663
reggaelawyer@hotmail.com

## CERTIFICATE OF SERVICE

I HEREBY Certify that on April 5, 2018, I electronically filed this document with the Clerk of Court using CM/ECF.

_____/s/_Gawane Grant_____
Gawane Grant, Fla. Bar No. 55093
Attorney for Petitioner
2331 North State Rd. 7, Suite 212
Lauderhill, FL 33313
Tel: (954) 739-5600
Fax: (954) 739-5663
reggaelawyer@hotmail.com

# Fwd: FW: martin

Margaret Rudy <m305rudy@gmail.com>

Tue 4/3/2018 8:12 PM

To: ODS02253CPC <ODS02253CPC@OfficeDepot.com>;

📎 2 attachments (57 KB)
Factual Proffer Martin.pdf; Plea Agreement Martin.pdf;

Begin forwarded message:

**From:** Joseph Gibson <joseph_gibson@bellsouth.net>
**Date:** Jan 5, 2017 at 3:41 PM
**To:** Nmartin411 <nmartin411@hotmail.com>
**Cc:** Franz <fcjlaw@yahoo.com>
**Subject: FW: martin**

**From:** Stewart, Karen O. (USAFLS) [mailto:Karen.O.Stewart@usdoj.

**From:** Stewart, Karen O. (USAFLS)
**Sent:** Thursday, January 05, 2017 10:44 AM
**To:** joseph_gibson@bellsouth.net
**Subject:** martin

Hello –

I looked back at my notes.

The offer was for him to plead to his own conduct, the substantive count, and the AG ID charge, then cooperate. At this point, because I have already used his information, I can include a promise of a cooperation benefit (not a promise to consider one); which will allow him to go below the min man. Of course, he would still have testify at trial if I need him (per the standard language in the cooperation benefit language).

A new offer, which you may prefer, the stat max for the conspiracy is lower than the stat max for the substantive count, so if he'd prefer, he can plead to the conspiracy count instead of the substantive count and the AG ID charge (with the same cooperation benefit promise).

I'll send you a plea agreement with the original offer. If you'd rather the second one, let me know.

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

---

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | | NOTICE DATE |
|---|---|---|
| Receipt | | March 07, 2018 |
| **CASE TYPE** | | **USCIS ALIEN NUMBER** |
| I-130, Petition for Alien Relative | | A058676600 |
| **RECEIPT NUMBER** | **RECEIVED DATE** | **PAGE** |
| LIN1890281210 | March 05, 2018 | 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** |
| March 05, 2018 | 201 B INA SPOUSE OF USC | January 02, 1989 |

TANICE M. MC LEARY
C/O LINDA OSBERG BRAUN OSBERG BRAUN AND RUIZ IMM
10600 BISCAYNE BOULEVARD STE 925
MIAMI, FL 33161

4  00000709

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $535.00 |
| Biometrics Fee: | $0.00 |
| Total Amount Received: | $535.00 |
| Total Balance Due: | $0.00 |

APPLICANT/PETITIONER NAME AND MAILING ADDRESS

The I-130, Petition for Alien Relative has been received by our office for the following beneficiaries and is in process:

| Name | Date of Birth | Country of Birth | Class (If Applicable) |
|---|---|---|---|
| MARTIN, NIGEL | 5/29/1990 | JAMAICA | |

Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

**USCIS Office Address:**
USCIS
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

**USCIS Customer Service Number:**
(800)375-5283
ATTORNEY COPY




If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C 07/11/14 Y