# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-60138-BLOOM/Valle

NIGEL CHRISTOPHER MARTIN,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon the Motion to Vacate Pursuant to 28 U.S.C. Section 2255, ECF No. [1] ("Motion"), filed on January 23, 2018 by Movant Nigel Christopher Martin ("Movant"). On February 28, 2018, the Court entered an order requiring the Government to show cause why the Motion should not be granted. ECF No. [6]. The Government filed its response, ECF NO. [7] ("Response"), on March 28, 2018, and Movant filed a reply on April 6, 2018, ECF No. [9] ("Reply"). On April 20, 2018, Movant filed a Motion for Expedited Ruling on Post-Conviction Motion, ECF No. [10], advising the Court that Movant is "days away from being deported to his native Jamaica" and "request[ing] that the Court make an expedited ruling on his case before his actual deportation to Jamaica." *Id.* ¶¶ 4–5. The Court has reviewed the Motion, the memoranda in support and opposition, the record, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.      FACTUAL BACKGROUND

Movant is a 26 year old native of Jamaica who engaged in a scheme to make unauthorized credit card purchases at Home Depot through the store's telephone transaction system. ECF No. [1] ¶ 8; *see also* Case No. 16-cr-60238, ECF No. [68] ("Factual Proffer").

Based on this conduct, on December 6, 2017, Movant was charged, along with three other co-defendants, by a superseding indictment on three counts: Count 1, Conspiracy to Commit Device Fraud under 18 U.S.C. § 1029(b)(2); Count 2, Access Device Fraud under 18 U.S.C. 1029(a)(2); and Count 9, Aggravated Identify Theft under 18, U.S.C. § 1028(A)(a)(l). ECF No. [1] ¶ 1; *see also* Case No. 16-cr-60238, ECF No. [37] ("Superseding Indictment").

On January 1, 2017, Movant entered into a plea agreement, Case No. 16-cr-60238, ECF No. [69] ("Plea Agreement"). Pursuant to the Plea Agreement, Movant agreed to plead guilty to Counts 2 and 9, and the Government agreed to seek dismissal of Count 1 after sentencing. *Id.* ¶¶ 1–2. Paragraph 10 of the Plea Agreement stated as follows:

> The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is *a prediction, not a promise,* and is not binding on this Office, the probation office or the Court.

*Id.* ¶ 10 (emphasis added). Regarding the potential immigration consequences of Movant's plea, Paragraph 16 of the Plea Agreement states:

> Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, *including the offenses to which defendant is pleading guilty.* Removal and other immigration consequences are the subject of a separate proceeding, however, and *defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.* Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, *even if the consequence is the defendant's automatic removal from the United States.*

*Id.* at ¶ 16 (emphasis added). At the plea hearing, Movant confirmed under oath that he had read and understood the Plea Agreement, and that his attorney, Mr. Gibson, had answered all of his questions regarding the Plea Agreement. *See* Case No. 16-cr-60238, ECF No. [101] ("Plea Tr.") at 4, 21–22. Movant also confirmed under oath that he had read and understood the Factual Proffer, and he admitted that the facts contained in the Factual Proffer were true, including that Capital One's fraud loss related to the scheme was in excess of $200,000. *See* Case No. 16-cr-60238, ECF No. [68] at 2–3; [101] at 21–22; [185] at 19.

During the plea colloquy the Court confirmed that Movant had received no assurances related to his plea beyond what was set forth in the Plea Agreement:

> THE COURT: Has anyone made any promises or assurances of any kind, other than what is set forth in the Plea Agreement, to persuade you to enter into it?
>
> THE DEFENDANT: No, Your Honor.

*Id.* at 4–5. Upon entry of his guilty plea as to Count 2, the Court a second time asked Movant: "Has anyone made any promises or assurances to you, other than what's set forth in the Plea Agreement, to persuade you to plead guilty?" *Id.* at 6. Movant responded "No, Your Honor." Again, upon entry of his guilty plea as to Count 9, the Court for a third time asked Movant: "Has anyone made any promises or assurances to you, other than what's set forth in the Plea Agreement, to persuade you to plead guilty?" *Id.* at 8. Movant again replied in the negative. *Id.*

The Court then conducted a colloquy with Movant about the potential immigration consequences of his plea:

> THE COURT: Have you and Mr. Gibson discussed the immigration consequences of your guilty plea?
>
> THE DEFENDANT: Yes, Your Honor.

> THE COURT: And you understand, sir, that if you are not a citizen of the United States, in addition to the other possible penalties you are facing, a plea of guilty may subject you to deportation, exclusion, or voluntary departure and prevent you from obtaining United States citizenship?
>
> THE DEFENDANT: Yes, Your Honor.

Plea Tr. at 9–10. At the conclusion of the plea hearing, the Court deferred sentencing until March 9, 2018. *Id.* at 24.

The United States Probation Office issued a pre-sentence report on February 9, 2017. Case No. 16-cr-60238, ECF No. [74] ("PSR"). On March 2, 2017, Movant, through counsel, objected to the loss amounts contained in the PSR at paragraphs 26 and 34, stating that "Defendant is responsible for $1,000.00 not $210,676.69." Case No. 16-cr-60238, ECF No. [100]. Prior to sentencing, both the Government and Movant moved the Court for a downward departure. Case No. 16-cr-60238, ECF Nos. [99] and [102].

On March 9, 2017, the Court conducted Movant's sentencing hearing. Movant, through counsel, made several arguments in mitigation of his sentence, including Movant's strong family ties and personal difficulties related to his physical disability as a child, as well as Movant's minor role compared to his co-defendants in the scheme. Case No. 16-cr-60238, ECF No. [185] ("Sentencing Tr."). Counsel also argued that the loss amount should only reflect transactions that Movant directly took part in, not the loss amount for the overall scheme. *Id*.

During sentencing, there were several references to Movant's immigration status and likely removal after serving his sentence. First, while making arguments in mitigation of his sentence, counsel for Movant acknowledged that "[w]e know that he's subject to removal." Sentencing Tr. at 10. Counsel further stated when advocating for a sentence lower than eighteen months as recommended by the Government that: "It's not a life-ending – certainly the message

4

has been received loud and clear. You can give him six minutes. He's not coming back." *Id.* at 39. During argument prior to the Court's denial of Movant's request for self-surrender, the Government noted "although I'm not an immigration attorney, the Defendant will be removed after his term of imprisonment . . . [and] has every incentive to just leave now." *Id.* at 46. Movant's father also spoke on his behalf at sentencing, asking the Court to "send him home" to Jamaica. *Id.* at 30. At the conclusion of the sentencing hearing, the Court varied downward and imposed a term of incarceration of twelve months. *Id.* at 42.

## II.    THE MOTION TO VACATE

Movant now moves to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion, Movant argues that Mr. Gibson provided ineffective assistance of counsel because "he failed to advise Movant that he faced mandatory deportation in entering a guilty plea to an aggravated felony." ECF No. [1] at 3. Movant claims that he would have never pleaded guilty had he known he would be subject to mandatory deportation. *Id.* Specifically, Movant argues that Mr. Gibson provided three assurances to Movant that convinced him to plead guilty. First Movant argues that "Attorney Gibson assured the defendant that the dollar amount that he would be held responsible for was for his personal conduct which was far less than $10,000.00." Second, Movant argues that Mr. Gibson told him that he would not be subject to deportation as a result of his guilty plea. *Id.* at 4, 5–6. Third, Movant argues that Mr. Gibson also "assured" Movant that he would be sentenced to less than one year of incarceration. *Id.* at 5, 9. The Government opposes the Motion, arguing principally that Movant's arguments in his Motion contradict the record, including the Plea Agreement, the Factual Proffer, and the plea colloquy. *See* ECF No. [7] at 5–7.

### III.    LEGAL STANDARD

A prisoner is entitled to relief under 28 U.S.C. § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and internal quotation marks omitted).

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion, even if they may have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To demonstrate ineffective assistance of counsel, a § 2255 movant must show that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) the movant suffered prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *Strickland*'s two part test also applies to guilty pleas. *Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

On the first prong of the *Strickland* test, the movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Stickland*, 466 U.S. at 688–89. Thus, to be entitled to relief, a movant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting *McMann v. Richardson*,

397 U.S. 759 (1970)).  On the second prong, a movant "can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017); *see also Carver v. United States*, No. 14-15769, 2018 WL 388620, at *3 (11th Cir. Jan. 12, 2018).  If a defendant fails to show either deficient performance or prejudice, the Court need not address the other prong.  *Strickland*, 466 U.S. at 697.

A defendant's statements under oath at a plea hearing give rise to a presumption that the plea is constitutionally adequate.  *Downs-Morgan*, 765 F.2d at 1541 n.14 (citing *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977)).  Thus, even when a defendant argues that he received promises or assurances from an attorney which induced him to plead guilty and later proved to be erroneous, a defendant's statements under oath at a plea colloquy that he received no such promises or assurances cures the potential prejudice.  *Stillwell v. United States*, 709 F. App'x 585, 590 (11th Cir. 2017); *see also Lee*, 137 S. Ct. 1698 n.4 (noting that "[s]everal courts have noted that a judge's warnings at a plea colloquy may undermine a claim that the defendant was prejudiced by his attorney's misadvice").

On a motion under § 2255, the Court may hold an evidentiary hearing, but need not do so if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015) (finding no abuse of discretion when district court declined to hold a hearing when movant's allegations of prejudice were affirmatively contradicted by the record); *Stillwell*, 709 F. App'x at 590 ("[T]he district court did not abuse its discretion by declining to hold an evidentiary hearing because . . . Stillwell's contention that he would not have pled guilty but for

his counsel's advice is contradicted by the record, namely the plea agreement and the plea colloquy.").

## IV.   ANALYSIS

Movant claims that he received three false assurances from Mr. Gibson which were not contained in the Plea Agreement that convinced him to plead guilty.  First, Movant argues that Mr. Gibson assured him that the loss amount to was less than $10,000.00.  Second, Movant claims that Mr. Gibson assured him that Movant would not be subject to removal.  And third, Movant claims that Mr. Gibson assured him that he would not be sentenced to more than a year of incarceration.  These claims  are directly contradicted by Movant's statements under oath at the plea colloquy.  At the plea hearing, Movant stated three times that he did not receive any assurances beyond what was contained in the Plea Agreement.  Moreover, Movant averred that he read and understood the Plea Agreement and Factual Proffer, documents which specifically stated that Capital One had produced records demonstrating that the loss amount was over $200,000.00, that Movant could be subject to removal based on his plea, and that no one, including his attorney, could predict the exact sentence he would receive.  *See* Case No. 16-cr-60238, ECF No. [68] at 2–3; [101] at 21–22; [185] at 19.

The Court credits Movant's statements under oath at the plea hearing as true.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true.").  Thus, even assuming, without deciding, that Mr. Gibson did make these three assurances, Movant cannot establish prejudice because he confirmed, by signing the Plea Agreement and during the colloquy with the Court, that he understood that his guilty plea could subject him to immigration

consequences, including removal, and that no one, including his attorney, could predict exactly the loss amount or the sentence to be imposed at the time of the plea. *Stillwell*, 709 F. App'x at 590 (11th Cir. 2017) ("Stillwell cannot establish prejudice because both the plea agreement and the district court informed him that he could not rely on counsel's estimated sentence, that the court retained all sentencing discretion, and that the conduct in Counts 2 and 3 would be considered at sentencing."). Because the record conclusively shows the Movant cannot demonstrate prejudice, the Court finds that no hearing is required and the Motion must be denied.

Movant cites to the Supreme Court's decision in *Lee v. United States*, 137 S. Ct. 1958 (2017), in support of his Motion. But the "unusual circumstances" (*id.* at 1967) of *Lee* are distinguishable. In contrast to Movant's responses during his plea hearing, in *Lee* the defendant stated on the record that any immigration consequences *would* affect his decision to plead guilty. *Id.* at 1968. Specifically,

> [w]hen the judge warned him that a conviction "could result in your being deported," and asked "[d]oes that at all affect your decision about whether you want to plead guilty or not," Lee answered "Yes, Your Honor." When the judge inquired "[h]ow does it affect your decision," Lee responded "I don't understand," and turned to his attorney for advice. Only when Lee's counsel assured him that the judge's statement was a "standard warning" was Lee willing to proceed to plead guilty.

*Id.* (internal record citations omitted). As noted above, Movant here made no such statement on the record. Unlike in *Lee*, there is no contemporaneous, "substantial[,] and uncontroverted" evidence that Movant would not have entered his guilty plea but for the claimed assurances. The Court " 'should not upset a plea solely because of *post hoc* assertions from a defendant,' " *Dodd v. United States*, 709 F. App'x 593, 595 (11th Cir. 2017) (quoting *Lee*, 137 S. Ct. at 1967), and the Court declines to do so here.

**V.    CONCLUSION**

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion, **ECF No. [1]**, is **DENIED WITHOUT PREJUDICE;**

2.  All pending motions are **DENIED AS MOOT**; and

3.  The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of April, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record